```
                    UNITED STATES DISTRICT COURT
                 FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GERALD SCOTT,                         : CIVIL NO: 1:10-CV-01840
                                      :
          Plaintiff                   :
                                      : (Judge Conner)
     v.                               :
                                      : (Magistrate Judge Smyser)
DAVID J. EBBERT, et al.,              :
                                      :
          Defendants                  :
```

## REPORT AND RECOMMENDATION

The prisoner plaintiff in this case claims that the defendants violated the Eighth Amendment by failing to provide him with mental health treatment. He also claims that the defendants violated the Eighth Amendment by assigning him to bed that, because it was too small, caused him head, neck, and back injuries and by failing to treat such injuries. We conclude that the defendants are entitled to summary judgment on the plaintiff's claims relating to the bed and the alleged injuries resulting from the bed because the plaintiff failed to exhaust available administrative remedies regarding those claims. We also conclude that the defendants are entitled to summary judgment on the plaintiff's claim regarding the lack of mental health treatment because the plaintiff did receive mental health treatment even though he disagreed with the scope of that treatment.

I. Background and Procedural History.

The plaintiff is a federal prisoner who was formerly incarcerated at the Federal Correctional Institution at Allenwood (FCI-Allenwood). He started this *Bivens*[1] action by filing a complaint in the United States District Court for the Southern District of New York. After the case was transferred to this court, we reviewed the complaint pursuant to 28 U.S.C. § 1915A and determined that it fails to state a claim upon which relief may be granted. The plaintiff was granted leave to file an amended complaint.

The plaintiff filed an amended complaint that names the following individuals as defendants: David J. Ebbert, the Warden of FCI-Allenwood; Ms. Hunter, a psychologist at FCI-Allenwood; Ms. Dewald, the Assistant Health Services Administrator at FCI-Allenwood; Lt. Stahl, a supervisor in the Special Housing Unit at FCI-Allenwood; and J. Hall, a counselor at FCI-Allenwood.

---

1. *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971).

2

The plaintiff alleges the following facts in his amended complaint.

The plaintiff has a history of mental health issues and a history of violence as a result of those issues.  At his prior place of incarceration, the plaintiff was being seen on a regular basis by mental health staff and he was taking medication for anxiety and depression.  But upon his arrival at FCI-Allenwood, the psychology department did not evaluate him or schedule a meeting with him to assess his mental health.

The plaintiff's mental health records reflect his history of problems, and defendant Hunter was in possession of those records.  The plaintiff requested treatment from defendant Hunter, but she provided no treatment.  Dr. Santos had recommended to defendant Hunter that she see the plaintiff. Defendant Hunter did not honor that recommendation.

The plaintiff eventually lost control and requested to be placed in administrative segregation.  He was placed in the Special Housing Unit.  While in the Special Housing Unit and after asking for help, the plaintiff was placed on suicide

watch for a night. But he was never given proper medication. Nor did defendant Hunter address his issues.

The plaintiff informed defendant Ebbert about the lack of mental health treatment. Still, he was not provided basic mental health treatment during his incarceration at FCI-Allenwood.

There are four tiers in the Special Housing Unit. Three of those tiers have regular-sized beds. In contrast, the beds on B Range, where the plaintiff was housed, are extremely small. They have only approximately twenty-three and a half inches of "sitting space." It is impossible to sit in an upright position. A prisoner is forced to sit in a bent over position.

The plaintiff informed defendants Ebbert, Dewald, Hall, and Stall about the beds and the injuries they were causing him. He complained about being in constant pain because of the beds. But the defendants would not move him, and he was not provided medical treatment for his injuries. Instead, he was told to be more careful when getting out of bed so as not to

bump his head on the bed frame.  It was months before he was examined.  The plaintiff currently has pain in his head, neck, and back from living in those beds for months.

On September 9, 2010, the Bureau of Prisons transferred the plaintiff from FCI-Allenwood to a federal prison in California.  Still, the plaintiff suffers, mentally and physically, because of the lack of treatment at FCI-Allenwood.

The defendants filed a motion to dismiss the amended complaint and for summary judgment.  The defendants present many arguments in support of their motion.  We address two of those arguments.  First, we address the argument that the defendants are entitled to summary judgment on the plaintiff's claims relating to the bed in the Special Housing Unit and the alleged injuries resulting from the bed because the plaintiff failed to exhaust available administrative remedies regarding those claims.  Second, we address the argument that the defendants are entitled to summary judgment on the plaintiff's claim regarding the lack of mental health treatment because the plaintiff received mental health treatment.  Because we conclude that these arguments have merit and that the

5

defendants are entitled to summary judgment as a result, we do not address the defendants' other arguments in support of their motion.[2]

II. Summary Judgment Standard.

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). The moving party bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record which demonstrate the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). With respect to an issue on which the nonmoving party bears the burden of proof, the moving party may discharge that burden by "'showing'-- that is, pointing out to the district court -- that there is an absence of evidence to support the nonmoving

---

2. In his brief in opposition to the defendants' motion, the plaintiff requests the assistance of counsel. After considering the factors set forth in *Tabron v. Grace*, 6 F.3d 147 (3d Cir. 1993), we twice before denied the plaintiff's requests for the appointment of counsel. *See Docs. 23 & 36.* We see no reason to do otherwise now.

party's case." *Id.* at 325. Once the moving party has met its burden, the nonmoving party may not rest upon the mere allegations or denials of its pleading; rather, the nonmoving party must show a genuine dispute by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" or "showing that the materials cited do not establish the absence . . . of a genuine dispute." Fed.R.Civ.P. 56(c).

A material factual dispute is a dispute as to a factual issue the determination of which will affect the outcome of the trial under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.*

Summary judgment is not appropriate when there is a genuine dispute about a material fact. *Id.* at 248. A dispute as to an issue of fact is "'genuine' only if a reasonable jury,

7

considering the evidence presented, could find for the non-moving party." *Childers v. Joseph*, 842 F.2d 689, 693-94 (3d Cir. 1988). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986). "If the evidence is merely colorable . . . or is not significantly probative . . . summary judgment may be granted." *Anderson, supra,* 477 U.S. at 249-50. In determining whether a genuine issue of material fact exists, the court must consider all evidence in the light most favorable to the non-moving party. *White v. Westinghouse Electric Co.*, 862 F.2d 56, 59 (3d Cir. 1988).

At the summary judgment stage, the judge's function is not to weigh the evidence or to determine the truth of the matter, but it is to determine whether there is a genuine issue for trial. *Anderson, supra,* 477 U.S. at 249. The proper inquiry of the court in connection with a motion for summary judgment "is the threshold inquiry of determining whether there is the need for a trial - whether, in other words, there are any genuine factual issues that properly can be resolved only

8

by a finder of fact because they may reasonably be resolved in favor of either party." *Id.* at 250.

III. Discussion.

       A.   Claims Relating to the Bed in the Special Housing Unit.

The defendants contend that they are entitled to summary judgment on the plaintiff's claims relating to the bed in the Special Housing Unit and the alleged injuries resulting from the bed because the plaintiff failed to exhaust available administrative remedies regarding those claims.

      42 U.S.C. § 1997e(a), provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

The exhaustion of available administrative remedies is mandatory. *Booth v. Churner*, 532 U.S. 731, 739 (2001). The exhaustion requirement applies to all prisoner cases about about prison life. *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

9

A prisoner must "exhaust all available administrative remedies" regardless of whether the administrative process may provide the prisoner with the relief that he is seeking. *Nyhuis v. Reno*, 204 F.3d 65, 75 (3d Cir. 2000). "[C]ompliance with the administrative remedy scheme will be satisfactory if it is substantial." *Id.* at 77. Failure to exhaust available administrative remedies is an affirmative defense. *Jones v. Bock,* 549 U.S. 199, 216 (2007). As an affirmative defense, the failure to exhaust available administrative remedies must be pleaded and proven by the defendants. *Brown v. Croak*, 312 F.3d 109, 111 (3d Cir. 2002).

Except for claims for which other administrative procedures have been established, federal inmates may seek "formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). Generally, an inmate must first present an issue of concern informally to staff before submitting a Request for Administrative Remedy. 28 C.F.R. § 542.13(a). If the attempt at informal resolution is not successful, an inmate must address a Request for Administrative Remedy to the institution staff member designated to receive such requests. 28 C.F.R. § 542.14(a) &

10

(c)(4). The Warden will respond to the Request for Administrative Remedy and an inmate who is not satisfied with the Warden's response may appeal to the Regional Director. 28 C.F.R. § 542.15(a). Finally, an inmate who is not satisfied with the Regional Director's response may appeal to the General Counsel. 28 C.F.R. § 542.15(a).

The defendants have submitted a declaration from Joseph McCluskey, a senior attorney with the Bureau of Prisons at the Allenwood Federal Correctional Complex. McCluskey states that computerized indexes of all formal administrative requests and appeals filed by inmates are maintained by the Bureau of Prisons so that rapid verification may be made as to whether an inmate exhausted the administrative remedy process on a particular issue. *McCluskey Decl.* at ¶6. He states that he conducted a search of the records to determine whether the plaintiff had exhausted available administrative remedies regarding the claims raised in this case and that his review revealed that the plaintiff has not exhausted available administrative remedies with regard to his claims relating to the bed in the Special Housing Unit. *Id.* at ¶8. He sets forth the administrative remedy requests that the plaintiff filed

11

regarding the bed and how the plaintiff did not properly appeal the denial of those administrative remedy requests to final review. *Id.* at ¶¶ 13-16.

The plaintiff has not argued that he exhausted available administrative remedies regarding his claims involving the bed. Nor has he presented any evidence to call into question McCluskey's declaration. Thus, the defendants are entitled to summary judgment on the plaintiff's claims relating to the bed in the Special Housing Unit and the alleged injuries resulting from the bed because the plaintiff failed to exhaust available administrative remedies regarding those claims.

B. Mental Health Treatment.

The defendants contend that they are entitled to summary judgment on the plaintiff's claim regarding the lack of mental health treatment because the plaintiff received mental health treatment.

12

The Eighth Amendment requires prison officials to provide basic medical treatment to prisoners. *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). In order for the plaintiff to establish an Eighth Amendment medical care claim, he must establish that the defendants acted with deliberate indifference to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97 (1976).

Deliberate indifference is a subjective standard. *Farmer v. Brennan*, 511 U.S. 825, 840 (1994). "To act with deliberate indifference to serious medical needs is to recklessly disregard a substantial risk of serious harm." *Giles v. Kearney,* 571 F.3d 318, 330 (3d Cir. 2009). To act with deliberate indifference, the prison official must have known of the substantial risk of serious harm and must have disregarded that risk by failing to take reasonable measures to abate it. *Farmer, supra,* 511 U.S. at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.*

Mere negligence or medical malpractice does not constitute deliberate indifference. *Id.* "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle, supra,* 429 U.S. at 106. "While the distinction between deliberate indifference and malpractice can be subtle, it is well established that as long as a physician exercises professional judgment his behavior will not violate a prisoner's constitutional rights." *Brown v. Borough of Chambersburg*, 903 F.2d 274, 278 (3d Cir. 1990).

Prison medical authorities are given considerable latitude in the diagnosis and treatment of medical problems of inmates. Courts will "disavow any attempt to second guess the propriety or adequacy of a particular course of treatment . . . which remains a question of sound professional judgment." *Little v. Lycoming County*, 912 F.Supp. 809, 815 (M.D.Pa. 1996)(quoting *Inmates of Allegheny County Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir. 1979)).

A prison official is not deliberately indifferent simply because he or she failed to respond to a prisoner's medical complaints when the prisoner was already being treated

14

by prison medical personnel. *Durmer v. O'Carroll*, 991 F.2d 64, 69 (3d Cir. 1993). "Absent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official . . . will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference." *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004).

The defendants have filed a statement of material facts in which they set forth the mental health care provided to the plaintiff at FCI-Allenwood. The plaintiff has not filed a response to the defendants' statement of material facts. So, in accordance with Local Rule 56.1, the facts set forth by the defendants in their statement of material facts are deemed admitted.

Contrary to the allegations in the amended complaint, it is undisputed for purposes of summary judgment that the plaintiff was screened by a psychologist when he arrived at FCI-Allenwood, *see Doc. 30* at ¶44, that he had numerous counseling sessions with psychologists at FCI-Allenwood, *see Doc. 30* at ¶47, that defendant Hunter met with him numerous

15

times, *see Doc. 30* at ¶¶ 50-77, and that he was prescribed medication for his mental issues, *see Doc. 30* at ¶¶ 93-95, 133-134, 147, & 154.  It is clear from the documents that the plaintiff has submitted that he disagrees with the treatment that was provided to him and that he thinks more or different treatment should have been provided.  But disagreement as to the proper treatment does not support an Eighth Amendment claim. *Monmouth County Correctional Institutional Inmates v. Lanzaro*, 834 F.2d 326, 346 (3d Cir. 1987).  So, the defendants are entitled to summary judgment on the plaintiff's claim regarding his mental health treatment.

IV. Recommendations.

We recommend that the court grant the defendants' motion (doc. 25) to dismiss and for summary judgment and enter summary judgment in favor of the defendants.

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated:  July 15, 2011.

16